UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RON FINN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:09-CV-130 CAN |
| | ) | |
| HARBOR METAL TREATING INC, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

The subject of the immediate suit centers on issues left over from the loose-ends of a prior litigation. Specifically, in a prior lawsuit, Plaintiff, Ron Finn ("Finn"), alleged that his termination from Defendant, Harbor Metal Treating, LLC ("Harbor"), was discriminatory. Pursuant to that prior litigation, settlement conversations were begun between Finn's attorney, Doug A. Bernacchi ("Bernacchi"), and the Human Resources Director for Harbor, Michael W. Hachee ("Hachee"). Specifically, the parties note that a series of phone conversations were made between Bernacchi and Hachee between September 8, 2008 and September 12, 2008, in which the parties attempted to resolve the prior litigation for an amount of $60,000. As a result of those conversations, Finn attests that the parties had an agreement to settle the case and contends that Bernacchi sent a fax to Hachee to verify the agreement. Thereafter, Finn argues, Hachee advised Bernacchi that Harbor would not honor the prior agreement.

On February 24, 2009, Finn filed a complaint, in St. Joseph Circuit Court, to enforce the prior settlement agreement, arguing that the agreement between Bernacchi and Hachee was valid and binding against Harbor. On March 25, 2009, Defendants, Harbor and Hachee

("Defendants"), removed this case to this Court. As such, this case is solely concerned with enforcing the prior settlement agreement.

On October 21, 2009, the Defendants filed a motion to disqualify Finn's attorney, Mr. Bernacchi. In the motion, the Defendants assert that attorney Bernacchi is a necessary witness to the underlying contract dispute, as Bernacchi was the sole attorney engaged in the prior settlement negotiations on Finn's behalf. As such, the Defendants argue that Bernacchi must be disqualified as Finn's counsel in the immediate dispute, under Rule 3.7 of the Indiana Rules of Professional Conduct, the attorney-as-witness rule. On the same day, the Defendants also filed a motion to stay the proceedings, pending this Court's ruling on the motion to disqualify and to accommodate Finn's need to secure alternative counsel.

On October 26, 2009, Finn responded in opposition to the Defendants' motions and filed a motion for sanctions. Specifically, Finn argued that the Defendants' motion to disqualify attorney Bernacchi was frivolously filed, mandating an imposition of fees against the Defendants. **I.     Analysis**

    A.     <u>Defendants' Motion to Disqualify</u>

The Defendants' primary argument for disqualification is that Bernacchi, as a party to the underlying contract that is the subject of the immediate litigation, is a necessary witness in this case. Because of Bernacchi's status as a witness, the Defendants have indicated a present desire to serve written discovery and to depose Bernacchi in order to determine the facts and circumstances related to the making of the disputed agreement. In addition, the Defendants assert that they intend to call Bernacchi to testify at trial. Because of Bernacchi's unique position in helping to create the now-disputed contract, the Defendants argue that Bernacchi's

2

testimony will be critical to ascertaining and establishing the facts of this case, thereby creating unavoidable conflicts in Bernacchi's ability to simultaneously represent Finn, going forward.

In response, Finn does not deny that Bernacchi and Hachee were the sole parties engaged in creating the settlement agreement which is the subject of the immediate case. Indeed, in Finn's complaint and in Finn's responses to Defendant's interrogatories, Finn plainly asserts that all settlement negotiations and resulting documentation were made between Bernacchi and Hachee. Instead, Finn argues that the Defendants' requested relief is now moot as Finn has hired co-counsel to represent him in this case. Further, Finn claims that the Defendants were aware of this development at the time they filed their motion to disqualify Bernacchi, arguing that such action warrants sanctions against the Defendants.

However, despite Finn's assertions, this Court notes that, as of this date, no other attorney has entered his appearance on Finn's behalf. Further, this Court notes that Bernacchi does not indicate his intention to withdraw his appearance on Finn's behalf but, rather, evidences an intention to proceed as co-counsel in this matter.

The 7th Circuit warns that disqualification "is a drastic measure which courts should hesitate to impose except when absolutely necessary." Cromley v. Bd. of Educ., 17 F.3d 1059, 1066 (7th Cir. 1994) (quoting Freeman v. Chi. Musical Instrument Co., 689 F.2d 715, 721 (7th Cir. 1982)). However, the 7th Circuit has also instructed that courts should resolve doubts in favor of disqualification. See United States v. Goot, 894 F.2d 231, 235 (7th Cir. 1990).

The Local Rules of this Court utilize both the standards from the Rules of Professional Conduct as adopted by the Supreme Court of Indiana and the Standards for Professional Conduct as adopted by the 7th Circuit. See N.D.L.R. 83.5(f). Model Rule of Professional Conduct

("MRPC") 3.7 prohibits an attorney from acting as both advocate and witness. Specifically, the Rule states,

> (a) A lawyer shall not act as an advocate at trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer will work substantial hardship on the client.
> (b) A lawyer may act as advocate in a trial in which another lawyer in a lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

MRPC Rule 3.7. The purpose behind the Rule is to avoid "prejudice [to] the tribunal and the opposing party" and to prevent "a conflict of interest between the lawyer and client." See Comment 1 to MRCP 3.7. Specifically, the Rule is set up to prevent confusion of jurors, presented with evidence by persons simultaneously serving as both advocate and witness. See Comment 2 to MRCP 3.7. "This venerable rule is a necessary corollary to the more fundamental tenet of our adversarial system that juries are to ground their decisions on the facts of a case and not on the integrity or credibility of the advocates." U.S. v. Prantil, 764 F.2d 548, 553 (9th Cir. 1985). Such confusion can also prejudice the opposing party, in this case the Defendants, and the tribunal, itself, which has an interest in preserving clarity and impartiality in the proceedings. See Comments 1-3 to MRCP 3.7.

The Defendants have indicated that they intend to both depose and call attorney Bernacchi as a witness at trial, given Bernacchi's first-hand knowledge and involvement in the making of the underlying contract which is the subject of this litigation. As such, the Defendants claim that Bernacchi is a necessary witness in this action. Further, the Defendants argue that, allowing Bernacchi to continue to represent Finn in this matter, will

4

unduly prejudice their interests going forward. This Court agrees with both of the Defendants' contentions.

It is undisputed that Bernacchi was one of only a few persons involved in the making of the contract which is the subject of the immediate dispute. Proof of the existence and terms of the alleged contract will necessarily be established, in significant part, upon Bernacchi's testimony. As such, this Court agrees that attorney Bernacchi is undisputedly a necessary witness in this case.

As a result, this Court agrees that the potential for prejudice against both the Defendants and this tribunal is severe, should Bernacchi be permitted to proceed as advocate for Finn in this case. Specifically, this Court questions the ability of the Defendants' to meaningfully cross-examine Bernacchi's testimony at a deposition and at trial, should Bernacchi be permitted to serve as both advocate and deponent. "The attorney-witness rule operates both during a trial and during pre-trial discovery and negotiations." Freeman v. Vicchiarelli, 827 F.Supp. 300, 303-04 (D.N.J. 1993). In addition, this Court is concerned regarding the likely jury confusion at trial, if Bernacchi serves as both advocate and witness. Precluding an attorney from serving as both advocate and witness, "reduces the risk that the trier of fact will confuse the roles of advocate and witness and erroneously grant testimonial weight to an attorney's arguments." U.S. v. Morris, 714 F.2d 669, 671-72 (7th Cir. 1983). As such, this Court concludes that the Defendants' concerns regarding Bernacchi's continued representation in this case are well-placed.

In addition, this Court concludes that no exceptions to the Rule apply in the present circumstances. See MRPC 3.7(a). Attorney Bernacchi's testimony is directly related to *the*

contested issue in this case, rather than merely relating to the nature and value of the legal services he rendered in the prior litigation. In addition, this Court concludes that disqualifying attorney Bernacchi will not work a substantial hardship against Finn in the immediate litigation. The Defendants moved to disqualify Bernacchi early in this case, prior to the start of intensive discovery and prior to the noticing of any depositions, minimizing the loss of money and time already spent litigating this case. The issues involved in this case are not so complicated as to prohibit Finn from locating alternative counsel, and the Defendants have moved for a temporary stay to allow Finn time to locate another attorney. As such, this Court concludes that disqualification of attorney Bernacchi is appropriate under the Rule.

Further, this Court considers the Defendants motion to be timely, as it was filed early in this litigation. Bernacchi argues that ordering his removal, prior to trial, would be premature. However, this Court considers the prejudice, imposed by Bernacchi's continued representation of Finn, to exist at the present time, as the Defendants have expressed their intention to exchange written discovery with Finn in the near term and have expressed a desire to depose Bernacchi regarding the facts and circumstances underlying the creation of the contested contract. "Courts encourage litigants to move to disqualify as soon as they recognize ethical conflicts; this practice discourages strategic procedural behavior and mitigates the amount of time and money spent before applying ethical rules of conduct." Freeman v. Vicchiarelli, 827 F.Supp. 300, 303-04 (D.N.J. 1993). Because this Court considers the prejudice imposed to the Defendants by Bernacchi's continued representation to be immediate, this Court concludes that the Defendants' motion to disqualify is not premature but, rather, timely filed.

As such, because this Court considers the potential prejudice imposed by the continued representation of attorney Bernacchi, a necessary witness, to be severe, this Court

now **GRANTS** the Defendants' motion to disqualify attorney Bernacchi from further representation of Finn in this case. [Doc. No. 17]. Accordingly, this Court now also **GRANTS** the Defendants' motion to stay the proceedings to allow Finn to locate alternative counsel. [Doc. No. 19]. Finn is afforded until **January 26, 2010** to locate alternative counsel and is **ORDERED** to notify this Court by the same date, whether he has secured another attorney or intends to proceed *pro se*.

Finally, in response to the Defendants' motion to disqualify, Finn argues that the Defendants' motion was frivolous, given that the Defendants were supposedly aware that Finn had hired co-counsel to represent him when they filed their motion to disqualify attorney Bernacchi. Fed. R. Civ. P. 11(c) provides:

> If . . . the court determines that subdivision (b) has been violated, the court may . . . impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b).

Under Fed. R. Civ. P. 11(b),

> By presenting to the court . . . a pleading, written motion, or other paper, an attorney . . . is certifying that . . . . (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

This Court has wide latitude in determining whether sanctions are appropriate under Fed. R. Civ. P. 11. U.S. Bank Nat. Ass'n, N.D. v. Sullivan-Moore, 406 F.3d 465, 471 (7th Cir. 2005).

Finn's primary argument for sanctions is that the Defendants filed their motion for disqualification after they had learned that Finn had hired co-counsel to represent him, mooting any prejudice imposed by Bernacchi's continued advocacy on Finn's behalf. As such, Finn argues that the Defendants' motion was filed solely for the purpose of harassing Finn and Bernacchi. This Court does not agree with Finn's contention, however, as there is

7

no evidence to support the conclusion that the issues raised in the Defendants' motion have been resolved, either at the time of the Defendant's filing or going forward. As stated previously, as of this date, no other attorney, besides Bernacchi, has entered their appearance on Finn's behalf. In addition, Bernacchi has not filed a motion to withdraw his own appearance and has given no indication of his intention to do so, now or in the future. Instead, Bernacchi characterizes the soon-to-be-named other attorney as "co-counsel," suggesting his intention to remain as an advocate for Finn in this case, even after the other attorney has joined in representing Finn.

Given the severity of the Rule's proscriptions against an attorney serving as both a witness and advocate and given this Court's serious concerns regarding the potential prejudice imposed against this Court and against the Defendants if Bernacchi continues his representation in this case, this Court does not consider the Defendants' motion to be filed with an improper purpose or with the intention of harassing Finn or Bernacchi. Instead, this Court considers the motion to be appropriately and timely filed. Consequently, this Court finds that Fed. R. Civ. P. 11 sanctions are not appropriate and **DENIES** Finn's motion for sanctions. [Doc. No. 20].

**SO ORDERED.**

Dated this 29th Day of October, 2009.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge